NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
Submitted March 9, 2021
Decided April 12, 2021

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2527

| | |
|---|---|
| IN RE: ROBBIN L. FULTON, *Debtor-Appellee.* | Appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. |
| | No. 18-02860 |
| APPEAL OF: CITY OF CHICAGO | Jack B. Schmetterer, *Bankruptcy Judge.* |

No. 18-2793

| | |
|---|---|
| IN RE: JASON S. HOWARD, *Debtor-Appellee.* | Appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. |
| | No. 17-25141 |
| APPEAL OF: CITY OF CHICAGO | Jacqueline P. Cox, *Bankruptcy Judge.* |

No. 18-2835

IN RE: GEORGE PEAKE,                          Appeal from the United States
      *Debtor-Appellee.*                       Bankruptcy Court for the Northern
                                     District of Illinois, Eastern Division.

                                     No. 18-16544

APPEAL OF: CITY OF CHICAGO                    Deborah L. Thorne,
                                     *Bankruptcy Judge.*

No. 18-3023

IN RE: TIMOTHY SHANNON,                       Appeal from the United States
      *Debtor-Appellee.*                       Bankruptcy Court for the Northern
                                     District of Illinois, Eastern Division.

                                     No. 18-04116

APPEAL OF: CITY OF CHICAGO                    Carol A. Doyle,
                                     *Bankruptcy Judge.*

**O R D E R**

      This appeal returns to us on remand from the Supreme Court of the United States. In 2019, we considered this consolidated direct appeal of four Chapter 13 bankruptcies filed by debtors Robbin Fulton, Jason Scott Howard, George Peake, and Timothy Shannon. Prior to the debtors' bankruptcy filings, the City of Chicago had impounded the vehicles of all four debtors for failure to pay multiple traffic fines. After the debtors filed their bankruptcy petitions, the City refused to return the vehicles, claiming it needed to maintain possession to continue perfection of its possessory lien on the vehicles and that it would only return the vehicles when the debtors paid in full their outstanding fines. Relying on *Thompson v. General Motors Acceptance Corp.*, 566 F.3d 699 (7th Cir. 2009) and 11 U.S.C. § 362(a)(3), we affirmed the bankruptcy courts' conclusions that the City violated the Bankruptcy Code's automatic stay by exercising control over property of the bankruptcy estate and that none of the exceptions to the stay applied. *See In re Fulton*,

926 F.3d 916 (7th Cir. 2019), *vacated and remanded sub nom. City of Chicago v. Fulton*, 141 S. Ct. 585 (2021). This Court explicitly did not reach violation theories grounded in § 362(a)(4) or (a)(6). *Id.* at 926 n.1 ("Because the City is bound by the stay under § 362(a)(3), we do not reach the applicability of the additional stay provisions.").

The City petitioned for a writ of certiorari. The Supreme Court granted the petition to consider whether an entity violates § 362(a)(3) by retaining possession of a debtor's property after a bankruptcy petition is filed. Holding "only that mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code," the Supreme Court vacated our initial decision and remanded for further proceedings. *Fulton*, 141 S. Ct. at 592.

With respect to applicability of § 362(a)(4) and (a)(6), the Supreme Court declined to "settle the meaning of other subsections of § 362(a)." *Id.* at 592 & n.2. In her concurrence, Justice Sotomayor agreed with the majority that the City had not violated § 362(a)(3) but "wr[o]te separately to emphasize that the Court ha[d] not decided whether and when § 362(a)'s other provisions may require a creditor to return a debtor's property." *Id.* at 592 (Sotomayor, J., concurring). "Nor ha[d] the Court addressed how bankruptcy courts should go about enforcing creditors' separate obligation to 'deliver' estate property to the trustee or debtor under [11 U.S.C.] § 542(a)." *Id.* Consistent with the majority opinion, this logic does not foreclose an adverse finding against the City, on other grounds. As the concurrence notes, "[t]he City's conduct may very well violate one or both of these other provisions." *Id.*

In its statement under Circuit Rule 54, the City urges this Court to summarily reverse the bankruptcy courts' decisions in the cases below and vacate the orders sanctioning the City for violating the automatic stay. The City requests the reversal extend to the *Shannon* court's judgment that the City violated § 362(a)(4) and (a)(6) of the automatic stay. By contrast, the debtors ask this Court on remand to address the open questions of whether the City violated the automatic stay imposed by § 362(a)(4) or (a)(6) by making demands that were not justified under the Bankruptcy Code and conditioning its release of the debtors' cars on the satisfaction of those demands. We decline to adopt either request in full.

The common question raised and addressed on direct appeal centered on § 362(a)(3). Upon further review of the records below, we find that both *In re Fulton* and *In re Shannon* presented arguments that the City's conduct violated provisions of the Bankruptcy Code other than § 362(a)(3), while *In re Peake* and *In re Howard* confined their arguments to § 362(a)(3). Accordingly, the question of whether or not the City's conduct

was impermissible on grounds other than § 362(a)(3) remains unresolved. Therefore, with our prior judgment now vacated, we REMAND to the relevant bankruptcy courts *In re Shannon* and *In re Fulton* for further proceedings consistent with the Supreme Court's decision and further REMAND *In re Peake* and *In re Howard* with instructions to vacate their respective judgments.